**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00043-TWP-TAB |
| | ) | |
| TONY GIBSON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO REVOKE RELEASE ORDER**

This matter is before the Court on the Government's Motion to Revoke Release Order (Dkt. 30). Pursuant to 18 U.S.C. § 3145(a), the undersigned has considered the Magistrate Judge's Order Setting Conditions of Release (Dkt. 29), the Minute Order Following Detention Hearing (Dkt. 28), the pretrial services report ("PS3") prepared by the United States Probation Office (Dkt. 23), the Government's Motion to Revoke Release Order (Dkt. 30), the Defendant's Response in Opposition to Government's Motion for Revocation of Release Order (Dkt. 31), the Defendant's Sealed Medical Submission (Dkt. 34), the Government's Response to Defendant's Submission (Dkt. 35), as well as a transcript of the proceedings held on April 1, 2026. The government has not requested a hearing on the revocation motion, and the Court has determined that no hearing is necessary. *See United States v. Cox*, No. 1:16-mj-96-MJD, 2016 WL 614333 at *1 (S.D. Ind. Feb. 16, 2016) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

Upon de novo review, the Court finds that the Government has not presented sufficient evidence to show that Defendant Tony Gibson ("Gibson") is a risk of flight or that there are no conditions or combination of conditions which would overcome the unacceptable risk that his

1

release poses a danger to any person or the community. Accordingly, the Government's Motion to Revoke Release Order is **denied.**

## I.    FINDINGS OF FACT

On February 25, 2026, a federal grand jury indicted Gibson on one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C §§841(a)(1) and 841(b)(1)(A)(viii). (Dkt. 1). The charge in the indictment stems from an investigation in Bartholomew County, Indiana, in which Gibson—while on release for a felony drug offense in Shelby County, Indiana (case No. 73C01-2506-F6-000151) —was arrested after he was found to be in possession of what was later analyzed to be 95 grams of pure methamphetamine. The Government moved for pretrial detention pending trial pursuant to 18 U.S.C. § 3142, on the basis that the charged offense carries a mandatory minimum term of ten years, up to life imprisonment as prescribed in the Controlled Substances Act, therefore, pursuant to 18 U.S.C. §3142(e), there is a presumption of detention. At the hearing the Government argued that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

In the Motion to Revoke the Release Order, the Government alleges that on January 7, 2026,

> [A] large amount of methamphetamine that the defendant was on his way to distribute was recovered from the defendant's person in five individually packaged baggies. In a subsequent call from jail shortly after the defendant was arrested, the defendant indicated he "almost took off and tried to get rid of it" and that he had "five separate bags". Further, when told he was charged with Dealing 10 or More Grams of Methamphetamine, the defendant admitted that "I had a lot more than that."

(Dkt. 30 at 12). The Magistrate Judge found, and it appears that the parties do not dispute, that the weight of evidence against Gibson is strong.

2

Gibson has three prior felony convictions and one prior misdemeanor conviction and all are methamphetamine related. He has a 2007 conviction for Possession of Methamphetamine (Felony) in Bartholomew County, Superior Court, a 2016 conviction for Possession of Methamphetamine (Felony) and Possession of Chemical Reagents or Precursors with the Intent to Manufacture a Controlled Substance (Felony) in Bartholomew County, Superior Court. In 2019, he entered a guilty plea to Possession of Methamphetamine in Bartholomew County Superior Court, but that conviction was dismissed after he completed the Veterans Treatment Court program. On June 19, 2025, he was arrested and charged with Possession of Methamphetamine (Felony) in Shelby County, Indiana Circuit, posted bond, and after being released was arrested for the instant offense.

In the PS3, Gibson scored a category 4 on a pretrial risk assessment indicating a relatively high risk of flight and/or danger to the community due to his criminal history, including multiple felony charges identical in nature to the instant offense; committing the instant offense while on pretrial bond for charges similar in nature; history of violations of supervision; and lack of verifiable stable residence. To his disadvantage, Gibson did not participate in the interview, his information could not be verified, and the PS3 officer concluded there are no conditions or combination of conditions that will reasonably assure the appearance of Gibson at future court proceedings. (Dkt. 23).

At the hearing, Gibson proffered that he is a 63-year-old Army veteran with congestive heart failure and he takes seven prescription medications daily. He also proffered that he has no criminal history before an arrest at the age of 43, no criminal history involving violence or firearms, he has rented the same house in Indianapolis for seven years with his girlfriend and her son, and he relies on disability checks for his daily needs.

The Magistrate Judge found the Government had not met their burden of showing Gibson was a risk of flight and danger in the community and had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community.  Gibson was ordered released pursuant to specific conditions (Filing No. 29).  The Government moved for a stay of the Magistrate Judge's Order pending review by the District Court. (Dkt. 30).

## II.      CONCLUSIONS OF LAW

If a person is ordered released by a magistrate judge … the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release … The motion shall be determined promptly." *See* 18 U.S.C. § 3145(a). The Court conducts a de novo review of the magistrate judge's release or detention order and it need not defer to the magistrate's findings. *See, e.g., United States v. Elliott*, 546 F. Supp. 2d 643, 643 (S.D. Ind. 2008).

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required.  *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  A finding of a serious risk either that the defendant will flee or that the defendant poses a danger to the community will be sufficient to detain the defendant pending trial. See United States v. Portes, 786 F.2d 758, 760 (7th Cir. 1985). The government must prove "risk of flight" by preponderance of the evidence, and "danger to the community" by clear and convincing evidence. Id. at 764-65. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

4

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3)  the history and characteristics of the person, including;

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III.  ANALYSIS AND ORDER

The parties agree that the rebuttable presumption of pretrial detention applies here and recognize that "[t]his places a light burden of production on the defendant, but the burden of persuasion always rests with the government." *United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021). Though it is a close call, the Court finds that Gibson has rebutted the presumption based on his now verified health conditions, and that the PS3 confirms a lack of violent criminal history.

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above.  Among the factors presented for the Court's consideration are Gibson's character, family ties, financial resources, physical and mental condition, history of substance abuse, length

5

of residence in the community, community ties, past conduct and criminal history. 18 U.S.C. § 3142(g)(3)(A).

Gibson is a 63-year-old veteran with serious health complications that now have been verified. (Dkt. 34). His active medical problems include heart failure, coronary artery disease, diabetes mellitus, asthma, and primary hypertension. *Id*. at 3. In January 2026, Gibson was taking 14 different medications, including, but not limited to, three medications to address his heart failure, two medications to address his high blood pressure, one medication to address diabetes, and one medication to address his asthma. *Id*. As noted by the Magistrate Judge, Gibson affirmed by affidavit that he receives disability income, and proffered that he had quadruple bypass surgery in 2016 and has been on medications since 2008. He is a 12-year Army veteran who deployed to Iraq, he has no convictions for violence or firearms—and had no criminal history until an arrest at age 43. Following his arrest in 2018 for felony possession of methamphetamine, Gibson was referred to the Bartholomew County Veterans Treatment Court, which he eventually completed in 2020. He proffers that he currently has no passport, and the one occasion when he missed a court date was due to his incarceration. The Court agrees with the Magistrate Judge's assessment that Gibson's serious health issues undermine the Government's argument that he is a risk of flight.

Concerning safety of the community, Gibson is charged with an offense under the Controlled Substances Act that carries a mandatory minimum sentence, was on pretrial release for a pending drug possession felony at the time of this alleged offense, and has prior drug possession felonies, two of which resulted in probation violations. (Dkt. 30 at 10–16). MyCase reflects that the State of Indiana has filed a petition to revoke or alter bond which is set for hearing on July 9, 2026[1]. Gibson has a significant history of methamphetamine abuse. And it appears that his older

---

[1] https://public.courts.in.gov/mycase/#/vw/CaseSummary for Case No. 73C01-2506-F6-000151, last visited on April 23, 2026.

age and health conditions have not deterred his alleged illegal drug activities, as evidenced by the two pending drug cases.

In its Response to Defendant's Submission, the Government cites to *United States v. Watson*, 171 F.4th 1012 (7th Cir. 2026) and *United States v. Dixon*, No. 1:14-CR-209-TWP-DML, 2015 WL 1969367 at *1 (S.D. Ind. 2015)—cases in which the dangerousness of drug trafficking is discussed. (Dkt. 35). However, neither Watson nor Dixon were veterans who suffered from serious medical conditions. And in *Watson*, the defendant was alleged to have possessed firearms, which is not the case here. There is no allegation that Gibson possessed or engaged in firearms violation in this case or his cases listed in the PS3. As noted by the Magistrate Judge, Gibson "has no convictions for violence or firearms—crimes that raise the stakes when considering a Defendant's safety risk" and had no criminal history until age 43 when he was arrested for misdemeanor conversion. *Id*. Gibson's counsel points out that given his reliance on disability, Gibson will only need to leave the house to go to medical appointments and meetings with counsel, he will be drug tested, and probation will have access to his home to ensure that it is drug free and weapon free. The Court agrees that these restrictions greatly reduce the risk of danger.

Based on a de novo review, the Court finds that the Government has not shown by clear and convincing evidence that no conditions exist which could be imposed to ensure that Gibson is not a danger to the community. Although the weight of evidence against Gibson is strong, there are strict conditions including home incarceration, electronic monitoring and other restrictions to ensure safety. The Magistrate Judge previously ordered that Gibson must participate in the location monitoring program and comply with the requirements of home detention. Due to his disabilities, Gibson is not employed so he can be restricted to his residence at all times; except for medical or substance abuse treatment, attorney visits, court appearances, court-ordered obligations, or

essential activities approved in advance by the Court or his supervising officer. In addition, the Court is adding the condition of a curfew at 6:00 p.m.—so any approved activities must take place prior to that time. These strict conditions will ensure that Gibson is not a danger to the community or risk of flight, while allowing his medical conditions to be appropriately treated. And of course, if Gibson violates *any* of the condition of his release, his freedom can promptly be revoked.[2] (Dkt. 30 at 5).

## IV.   CONCLUSION

For the reasons stated above, the District Court's de novo determination is that the Government has failed to meet its burden of proof and, therefore, the Government's Motion for Review of Release Order (Dkt. 30) is **DENIED**.  Immediately upon his release, Gibson shall report to the Probation Office to execute a new order of conditions of release which includes the amended home detention restrictions and a curfew of 6:00 p.m.

**SO ORDERED.**

Date:  4/23/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Barry D. Glickman
DOJ-USAO
barry.glickman@usdoj.gov

Jordan Oliver
Barnes & Thornburg LLP
joliver@btlaw.com

Electronic Notice to USPO

Electronic Notice to USM-C

---

[2] Gibson points the Court to *United States v. Sweat*, 2025 WL 1785851, at *2 (S.D. Ind. Jun. 27, 2025) (denying Government's motion to revoke release order and finding that defense rebutted presumption based on evidentiary proffer and information in PS3 regarding defendant's health and lack of violent criminal history). The Court notes that sixty-seven-year-old Sweat violated the conditions of his pretrial release and was ordered detained. *Sweat* at Dkt. 302.